# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-02111-PX |
| VIPUL M. PATEL, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Vipul M. Patel's Motion to Vacate (ECF No. 10) and Plaintiff Choice Hotels International, Inc.'s ("Choice Hotels") Motion for Summary Judgment. ECF No. 16. For the following reasons, Patel's motion is DENIED and Choice Hotels' motion is GRANTED.

**I. Background**

On October 28, 2013, Choice Hotels entered into a franchise agreement (the "Agreement") with Bhole Hospitality, Inc. ("Bhole"), which provided that Bhole would open and operate a Choice Hotels-branded hotel in Melrose Park, Illinois. ECF No. 16-1 at 1. The Agreement was guaranteed by Defendant Vipul Patel, the sole owner of Bhole. *Id.* at 30; ECF No. 1 ¶ 2. Under the "Property Improvement Plan" attached to the Agreement, Patel was required to make certain upgrades and additions to the property. ECF No. 16-1 at 20. The Agreement also included an arbitration provision in which the parties agreed to resolve any disputes arising from the Agreement through binding arbitration. *Id.* at 19. Further, the prevailing party, "as determined by the court or arbitrator," was to recover "any court courts" from the other party. *Id.* at 15.

On May 14, 2015, Choice Hotels issued a written notice of default to Patel for failure to

complete the property improvements and to maintain the requisite minimum score on customer satisfaction surveys. ECF No. 16-4 at 1. After giving Patel time to cure these deficiencies, Choice Hotels terminated the Agreement on January 11, 2016. Patel was thereafter obligated to pay contractual fees, interest, liquidated damages, and the balance due under an incentive promissory note under the Agreement. ECF No. 16-5 at 2, 7–10. Patel failed to pay, causing Choice Hotels to initiate arbitration proceedings against him on September 11, 2017. ECF No. 16 at 3.

Pursuant to Commercial Arbitration Rule 43, Patel was properly served notice of the arbitration proceedings, but he did not attend the arbitration or submit any evidence into the record. ECF No. 16-6 at 1; Commercial Arbitration R-43. Following an evidentiary hearing, the arbitrator found Patel and Bhole jointly and severally liable for breaching the Agreement and awarded damages for unpaid franchise fees of $25,226.96; interest of $8,568.99; liquidated damages of $150,926.16; the promissory note balance of $26,955.76; and the arbitrator's compensation and expenses of $8,205.00. The award totaled $219,882.87. ECF No. 16-6.

On July 11, 2018, Choice Hotels brought this Application to Confirm Arbitration Award against the franchisees, seeking the above award along with post-judgment interest and court costs for this action.[1] ECF No. 1. On August 27, 2019, Patel moved to vacate Choice Hotels' Application.[2] ECF No. 10 at 3. Choice Hotels next moved for summary judgment. ECF No. 16. On July 5, 2019, the Court granted Patel an extension of time *nunc pro tunc* to respond to the summary judgment motion, but Patel has not done so. ECF No. 20. For the following reasons,

---

[1] On September 11, 2018, this Court approved a Stipulation of Dismissal as to Bohle Hospitality, Inc. *See* ECF Nos. 5, 12.

[2] Although Patel's filing was framed as an "answer," the Court is to construe pro se filings liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Patel "respectfully request[ed] this Honorable Court to Vacate the Arbitration Award;" thus, the pleading is properly considered a motion to vacate. ECF No. 10 at 3.

the Court denies Patel's motion to vacate, grants Choice Hotels' motion for summary judgment, and confirms the arbitration award.

**II.	Analysis**

On the merits, the parties have filed dueling motions: one asking the Court to grant summary judgment confirming the arbitration award, the other asking to vacate it. ECF Nos. 10, 16. The Federal Arbitration Act ("FAA") provides that within one year after an arbitration award is filed, the prevailing party must apply to the Court to confirm the award. 9 U.S.C. § 9. Importantly, the Court's scope of review of an arbitrator's award is "among the narrowest known at law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.,* 142 F.3d 188, 193 (4th Cir. 1998). Because parties agree in advance to arbitrate disputes so as to promote quick resolution and avoid "the expense and delay associated with litigation," judicial review must remain narrowly circumscribed to advance this purpose. *Id.*

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

Under the FAA, the motion to vacate an arbitration award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.

§ 12. "The Fourth Circuit has not yet recognized equitable exceptions to the FAA's three-month deadline." *Chase v. Nordstrom, Inc.*, No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010). Once the plaintiff has filed an application to confirm the award, an untimely motion to vacate generally will not be considered. *Cf. Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("We do not consider, however, whether due diligence or tolling rules are proper exceptions to the limitations period prescribed by the Federal Arbitration Act.").

Patel's motion to vacate the award is untimely. The three-month time for filing the motion began to run on March 26, 2018, when the American Arbitration Association sent a copy of the award to Patel. ECF No. 16-6 at 2; Commercial Arbitration R-49. Accordingly, Patel had until June 26, 2018, to move to vacate the award. The only document that could be construed as such a motion was filed on August 27, 2018, two months after the deadline. ECF No. 10. Furthermore, under the Agreement, the parties consented in advance that an award may be entered in any party's absence at "any properly noticed arbitration proceeding." ECF No. 16-1 at 19. This is precisely what occurred here. ECF No. 16-6.[3] Thus, Patel moved to vacate the award out of time.

Even if Patel filed the motion in time, he has failed to assert proper grounds to support the requested relief. An award may be vacated only where the movant demonstrates that "(1) the award was procured by corruption, fraud, or undue means; (2) the arbitrator engaged in misconduct or was not impartial; or (3) the arbitrator exceeded his powers." *Choice Hotels Int'l, Inc. v. Niteen Hotels (Rochester) LLC*, 103 Fed. App'x 489, 492 (4th Cir. 2004); *see also* 9 U.S.C. § 10(a); *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 207 (4th Cir.

---

[3] Even if equitable tolling could apply in this context, this Court finds no ground on which to excuse Patel's untimely motion. *See* 9 U.S.C. § 9; *Chase*, 2010 WL 4789442, at *2; ECF No 10. Patel was given additional time to answer the application. *See* ECF No. 9 at 1. But even at the time Patel requested an extension, the deadline for challenging the arbitration award had already past.

2008). Patel first asserts that, although he received notice of the arbitration, he "was not properly notified" because a Choice Hotels representative assured him the issue would be "resolved." ECF No. 10 at 2. Patel next appears to challenge the Court's jurisdiction, asserting the arbitration was "conducted outside of the [j]urisdiction of [his] business" and that this action should be transferred to Illinois where he resides. *Id.* at 2–3. Neither argument is availing.

"Adequate notice is understood to mean notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Choice Hotels Int'l, Inc. v. Shree Sai Props.*, No. GJH-16-0231, 2017 WL 1025724, at *4 (D. Md. Mar. 13, 2017) (internal marks and citation omitted). Patel concedes that he received notice, and an arbitrator further found notice was proper. *See* ECF Nos. 10, 16-6; Commercial Arbitration R-43. "[A]n arbitrator is generally under no obligation to provide reasons for his decision" and "even where explanation . . . is deficient or non-existent, we will confirm [an arbitrator's decision] if a justifiable ground for the decision can be inferred from the facts of the case." *SM Prop. Mgmt, LLC*, 519 F.3d at 214–15. Ultimately, Patel's lack of notice argument does not justify vacating the arbitration award.

As to Patel's jurisdictional argument, "[a] valid forum selection clause . . . may act as a waiver to objections of personal jurisdiction." *Choice Hotels, Int'l, Inc. v. Patel*, No. PWG-16-1316, 2017 WL 660803, at *2 (D. Md. Feb. 17, 2017) (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 n.11 (4th Cir. 2009)). Such clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). The Agreement provides that "[j]udgment on the arbitration award may be entered in any court having jurisdiction" and that "[a]ny arbitration will be conducted . . . in Maryland." ECF No. 16-

5

1 at 19. Moreover, the FAA states that an application to confirm the award "may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. In this case, that district is Maryland. The Court thus rejects Patel's jurisdictional argument and denies his motion to vacate.

Having determined that no grounds exist to vacate the arbitration award, the Court must grant Choice Hotels' summary judgment motion and confirm the arbitration award. *See Taylor*, 788 F.2d at 225 ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [FAA]."). Choice Hotels also seeks post-judgment interest. However, because post-judgment interest is awarded by operation of law, the Court declines to assess it. *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012) (citing 28 U.S.C. § 1961(a)); *see also RONCO Consulting Corp. v. Leading Edge Ventures*, LLC, No. PWG-17-305, 2017 WL 6336609, at *8 (D. Md. Dec. 12, 2017) ("[O]nce an arbitration award is confirmed in federal court, the rate specified by § 1961 applies . . . even if the arbitration award purported to grant post-judgment interest [at a different rate].") (citation omitted).

### III. Conclusion

For the foregoing reasons, Defendant Vipul M. Patel's Motion to Vacate (ECF No. 10) is DENIED and Plaintiff Choice Hotels International, Inc.'s Motion for Summary judgment (ECF No. 16) is GRANTED. Accordingly, the Court confirms the arbitrator's award of $219,882.87. A separate Order follows.

8/29/2019                                    /S/
Date                                               Paula Xinis
                                                      United States District Judge